UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KNIGHTS FRANCHISE SYSTEMS, INC.,

*Plaintiff*,

v.

SAIRAM, INC. & NIMESH PATEL,

*Defendants*.

Civil Action No. 17-00932

**OPINION**

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on Plaintiff Knights Franchise Systems, Inc.'s ("KFS" or "Plaintiff") unopposed motion for default judgment against Defendants Sairam, Inc. ("Sairam") and Nimesh Patel ("Patel") under Fed. R. Civ. P. 55(b)(2). D.E. 16. The Court reviewed all submissions made in support of the motion, and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Plaintiff's motion is **GRANTED**.

I.  **FACTS[1] AND PROCEDURAL HISTORY**

KFS signed a Franchise Agreement (the "Agreement") with Sairam on November 28, 2005, that governed the operation of a 96-room Knights Inn motel in Indiana for an initial three-year term. Compl. ¶¶ 8-9. After the expiration of the initial period, Section 5 of the Agreement provided for an automatic three-year extension unless either party exercised its right to terminate.

---

[1] The facts of this matter derive from the Complaint as well as the affidavits and exhibits submitted in conjunction with Plaintiff's motion for default judgment. *See Trustees of the Teamsters Pension Trust Fund of Phila. & Vicinity v. Riccelli Premium Produce, Inc.*, 2011 WL 1114175, at *1 (D.N.J. Mar. 23, 2011).

*See* Affidavit of Suzanne Fenimore ("Fenimore Aff.") Ex. A, § 5.2. The Agreement required Sairam to make periodic payments to KFS for recurring fees, which consisted of royalties, reservation fees, taxes, interest, and other fees. Compl. ¶ 10. In addition, Sairam agreed to pay interest on any past due amounts, at the lesser of "1.5% per month or the maximum rate permitted by applicable law . . . ." Fenimore Aff. Ex. A, § 7.3. KFS could terminate the Agreement, after giving Sairam notice, if Sairam discontinued operating the business as a Knights Inn location or lost possession of the facility. *Id.* § 11.2. In the event of a termination, Sairam agreed to pay liquidated damages pursuant to a formula set forth in the Agreement. *Id.* § 12.1. In addition, Section 17.6.3 of the Agreement is a forum selection clause, which provides that Sairam consented to personal jurisdiction and venue in a New Jersey state or federal court. *Id.* § 17.6.3.

Nimesh Patel, Vice President of Sairam, also signed a Guaranty, which provided that upon a default under the Agreement, Patel would personally perform each unpaid or unperformed obligation of Sairam. Compl. ¶¶ 17-18; Fenimore Aff. Ex. B. In addition, the Guaranty expressly stated that Patel was bound by the forum selection clause in the Agreement. Fenimore Aff. Ex. B.

On or about April 12, 2016, Sairam lost possession of the facility, allegedly due to a sheriff's sale. Compl. ¶ 20; Fenimore Aff. Ex. C. Consequently, on July 26, 2016, KFS gave notice to Sairam of its unilateral termination of the Agreement and advised Sairam that is was required to pay KFS $28,868.55 in liquidated damages. Compl. ¶ 21. The same day, KFS informed Sairam that, as of July 26, 2016, it owed an estimated $56,309.94 in outstanding recurring fees. Fenimore Aff. Ex. C. Sairam failed to pay either.

On February 13, 2017, KFS filed a complaint against Defendants for the premature termination of the Agreement alleging, among other things, that Sairam breached the Agreement due to its failure to pay various fees that were contractually owed to KFS. Compl. ¶¶ 26-31, 37-

40. KFS also alleged that Patel breached his Guaranty. *Id.* ¶¶ 45-48. Defendants did not answer, move, or otherwise respond to KFS's complaint. On May 11, 2017 this Court granted KFS's letter request for a three week extension to seek the entry of default and default judgment until June 2, 2017 in order to explore settlement in this matter. D.E. 8, 9. On June 2, 2017 KFS requested an entry of default against Defendant, Nimesh Patel. D.E. 11. As a result, the Clerk of the Court entered default against Defendant Nimesh Patel on June 7, 2017 for failure to plead or otherwise defend.[2]

KFS then requested that the Court allow it to use the May 22, 2017 date of proper service on Defendant Sairam, despite the fact that it was outside the 90-day window specified in Federal Rule of Civil Procedure 4(m).[3] D.E. 13. The Court granted KFS's request. D.E. 14. Thereafter, on July 7, 2017 KFS requested an entry of default against Sairam. D.E. 11. As a result, the Clerk of the Court entered default against Sairam on July 7, 2017. On July 14, 2017, KFS filed this motion for default judgment. D.E. 16.[4] KFS seeks $26,868.55 in liquidated damages,[5] $63,881.02 in outstanding recurring fees, and $5,989 in interest. Fenimore Aff. ¶ 17.

---

[2] Rule 55(a) of the Federal Rules of Civil Procedure directs the Clerk of the Court to enter a party's default when that party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).
[3] Rule 4(m) requires that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).
[4] On August 29, 2017, the Court ordered KFS to provide additional proof of proper service on Sairam, D.E. 17, and KFS did so. D.E. 18.
[5] Under the Agreement, liquidated damages are the "[c]ombined [f]ees then in effect for the [f]acility multiplied by the lesser of 12 or the number of full calendar months remaining on the unexpired current [t]erm at the date of termination." Fenimore Aff. Ex. A, § 12.1. The average combined monthly fees when the Agreement was terminated were $2,239.04 and more than twelve months remained on the current term. As a result, liquidated damages are calculated as twelve times $2,239.04, plus interest. Fenimore Aff. ¶¶ 22-26.

3

## II. LAW AND ANALYSIS

### A. Standard of Review

Federal Rule of Civil Procedure 55 allows for the entry of default against a party that fails to plead or otherwise defend against claims. Fed. R. Civ. P. 55. "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, . . . and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984)).

In entering a default judgment, a court must determine whether (1) it has personal and subject matter jurisdiction; (2) the defendants were properly served; (3) the complaint sufficiently pleads a cause of action; and (4) the plaintiff has proven damages. *Days Inns Worldwide, Inc. v. Jinisha Inc.*, No. 14-6794, 2015 WL 4508413, at *1 (D.N.J. July 24, 2015). Additionally, a court must determine the appropriateness of default judgment by weighing (1) the prejudice suffered by the party seeking default judgment; (2) whether the party subject to the default has a meritorious defense; and (3) the culpability of the party subject to default. *Id.* at *2.

### B. Jurisdiction and Service

When a default judgment is sought against a party that has not filed responsive pleadings, the court "has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 05-3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008) (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)).

4

### i. Subject Matter Jurisdiction

The Court has subject matter jurisdiction over this matter. Diversity jurisdiction exists when "the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. 1332(a). Plaintiff KFS is a Delaware corporation with its principal place of business in Parsippany, New Jersey. Defendant Sairam is an Indiana corporation with its principal place of business in Indiana, and Defendant Patel is domiciled in Indiana. Compl. ¶¶ 1-3. In addition, KFS alleges that it is owed more than $75,000 in damages. *Id.* ¶¶ 30, 40, 48.

### ii. Personal Jurisdiction

The Court has personal jurisdiction over Defendants. Personal jurisdiction can be waived through a contractual forum selection clause. *Ramada*, 2008 WL 2967067, at *10. Here, Section 17.6.3 of the Agreement and the Guaranty provide that Defendants consent to and waive their objection "to the non-exclusive personal jurisdiction of . . . the United States District Court for the District of New Jersey for all cases and controversies under the Agreement." Fenimore Aff. Ex. A, § 17.6.3. Thus, Defendants consented to personal jurisdiction in New Jersey by signing the Agreement and Guaranty.

### iii. Sufficiency of Proof of Service

"Before the Court can enter default judgment, it must find that process was properly served on the Defendant[s]." *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No.11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (citing *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985)). One way that Defendant Patel, as an individual, may be served is by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." F.R.C.P. 4(e)(2)(B). Here, Plaintiff's Process Server, Recon Management Group ("Recon"), served Patel's

wife, Sweta Patel, at Patel's usual place of abode. D.E. 5. Patel's wife is alleged to be of suitable age, discretion, and a resident of Patel's home. *Id.* Therefore, the Court finds that service of the summons and complaint was proper on Patel.

As a corporation, Sairam may be properly served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." F.R.C.P. 4(h)(1)(B). Here, a Recon process server, personally served Defendant Patel on behalf of Sairam on May 22, 2017. D.E. 10.[6] Patel is the sole owner of Sairam and Sairam's registered agent. D.E. 18. Therefore, the Court finds that service of the summons and complaint was also proper on Patel.

### C. Sufficiency of Plaintiff's Causes of Action

Next, the Court must determine whether the complaint states a proper cause of action. The Court must accept all well-pleaded factual allegations in the pleadings as true, except as to damages. *Chanel, Inc.*, 558 F. Supp. 2d at 535-36.

Counts Two, Four and Six state valid causes of action for breach of contract.[7] Under New Jersey law, to state a claim for breach of contract, a plaintiff must allege that there is (1) a valid contract; (2) plaintiff performed under the contract; (3) defendant's breach of the contract; and (4) resulting damages. *Lacroce v. M. Fortuna Roofing, Inc.*, No. 14-7329, 2017 WL 431768, at *5

---

[6] The Recon process server originally improperly served process on Sairam. Rather than personally serving the registered agent of Sairam, Inc., the process server served Mr. Patel's wife. D.E. 13. KFS brought this error to the Court's attention and asked to use the date upon which proper service of Sairam, Inc. was effectuated, May 22, 2017, despite the fact that this date was outside the 90-day window specified in Federal Rule of Civil Procedure 4(m). *Id.* As noted, the Court permitted the May 22, 2017 service date to be used. D.E. 14.

[7] Counts One asserts a claim for accounting, Count Three asserts a claim for actual damages, and Count Five asserts a claim for unjust enrichment. *See* Compl. ¶¶ 22-25, 33-36, 41-44. These counts are only relevant if the Court does not award liquidated damages. Because the Court will award liquidated damages, it will not address these alternate claims.

6

(D.N.J. Jan. 31, 2017). KFS's allegations here are sufficient. In Counts Two and Four, KFS alleges that Sairam breached the Agreement by failing to pay KFS recurring fees and liquidated damages after the Agreement was terminated. KFS alleges that it demanded payment, and has been damaged by Sairam's failure to pay the outstanding amounts due. Compl. ¶¶ 26-32, 37-40. In Count Six, KFS alleges that Patel breached the Guaranty by failing to satisfy Sairam's obligations under the Agreement and that, as a result, KFS suffered damages. KFS also established that it performed under both the Agreement and the Guaranty. *Id.* ¶¶ 21, 45-48.

### D. Damages

While the factual allegations of the complaint "will be taken as true," the amount of damages must still be proven. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citation omitted). KFS is claiming damages of an amount equal to the recurring fees plus interest and liquidated damages. Fenimore Aff. ¶¶ 22-27. Recurring fees, as described in Section 7 of the Agreement, Section 4 of the Special Stipulations Addendum, and Schedule C of the Agreement, consisted of royalties, reservation fees, taxes, interest, and other fees. Compl. ¶ 10. Moreover, the Agreement provides that Sairam is liable for interest, at a rate of 1.5% per month or the maximum rate permitted by law, whichever is less, on all past due amounts owed to KFS. Fenimore Aff. Ex. A, § 7.3. KFS provided an itemized list of the recurring fees that remained due and owing as of the termination date, which establishes that at the time of termination Sairam owed $63,881.02, inclusive of interest. Fenimore Aff. Ex. D.

As per Section 12.1 of the Agreement, the liquidated damages, before interest, was equal to "[c]ombined [f]ees then in effect . . . multiplied by the lesser of 12 or the number of full calendar months remaining in the unexpired current [t]erm at the date of [t]ermination." Fenimore Aff. Ex. A, § 12.1. "Whether a liquidated damages clause is enforceable is a question of law for the court

7

to decide." *Naporano Assocs., L.P. v. B & P Builders*, 309 N.J. Super. 166, 176 (App. Div. 1998) (citing *Wasserman's Inc. v. Township of Middletown*, 137 N.J. 238, 238 (1994)). In *Wasserman's, Inc.*, the Court noted that when a liquidated damages clause for a commercial transaction is negotiated by parties with comparable bargaining power, the ultimate issue is whether the amount of liquidated damages is reasonable, either at the time of contract formation or the breach. 137 N.J. 238, 251. But "[a] term fixing unreasonably large liquidated damages is unenforceable on grounds of public policy as a penalty." *Ramada Worldwide Inc. v. Khan Hotels LLC*, No. 16-2477, 2017 WL 187384, at *6 (D.N.J. Jan. 17, 2017) (quoting *Restatement (Second) of Contracts* § 356(1) (1981)).

KFS's claims for liquidated damages do not require any further evidentiary proof if they are for a sum certain, such as an amount that was contractually agreed upon. *See, e.g., Super 8 Motels, Inc. v. B & J (Radha), LLC*, No. 05-5713, 2006 WL 3256828, at *5 (D.N.J. Nov. 9, 2006). Moreover, there is no suggestion that the parties had unequal bargaining power. Finally, the amount of liquidated damages appears reasonable. KFS's actual damages, which it could recover instead of liquidated damages, would be the lost recurring fees that KFS would have received but for the premature termination. Fenimore Aff. ¶ 19. By comparison, the outstanding amount of recurring fees with prejudgment interest here ($63,881.02) covered about two years of fees and there was roughly a year and a half left under the current three-year Agreement term. As a result, KFS has provided sufficient proof that Defendants are liable for a total of $26,868.55 in liquidated damages. KFS also established that it is entitled to receive $5,989 in interest due to the outstanding amount of liquidated damages owed.

In sum, KFS sufficiently establishes that it is owed $96,738.57 in total damages.

### E. Default Judgment Factors

Before entering a default judgment, district courts must determine the appropriateness of default judgment by weighing (1) the prejudice suffered by the party seeking default judgment; (2) whether the party subject to the default has a meritorious defense; and (3) the culpability of the party subject to default. *Jinisha*, 2015 WL 4508413, at *2.

Here, all three factors weigh in favor of the Court entering a default judgment. KFS would not be able to recover damages owed according to the Agreement and the Guaranty, and would be unfairly prejudiced if no default judgment is entered. *Days Inns Worldwide, Inc. v. Tulsipooja Hosp., LLC*, No. 15-5576, 2016 WL 2605989, at *3 (D.N.J. May 6, 2016); *Jinisha*, 2015 WL 4508413, at *2. Next, considering that Defendants have not responded to this matter, "Defendant[s] ha[ve] put forth no evidence or facts containing any information that could provide the basis for a meritorious defense." *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *3 (D.N.J. Jan. 22, 2015). Based on the allegations in the Complaint, the Court also does see a basis for a meritorious defense. Lastly, Defendants' failure to answer, without providing any reasonable explanation, permits the court to draw an inference of culpability. *Int'l Union of Painters v. Andrews Window Servs. LLC*, No. 15-3583, 2016 WL 3234516, at *3 (D.N.J. June 7, 2016) (citing *Slover v. Live Universe, Inc.*, No. 08-2645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009)). As a result, the Court finds that default judgment is warranted.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment (D.E. 16) is **GRANTED**. Accordingly, the Court will enter judgment against Defendants in the amount of $96,738.57. An appropriate Order accompanies this Opinion.

Dated: September 14, 2017

John Michael Vazquez, U.S.D.J.